Shauck, J.
Much of the doctrine .maintained by counsel for the carrier is established law. The *56 obligation of the carrier to carry the baggage of a passenger is limited to those articles which are for his personal comfort and convenience. Nor is the carrier bound to inspect a trunk presented by a passenger as baggage to see whether it contains articles of merchandise. In the absence of knowledge to the contrary, it may rely upon the passenger’s implied representation that its liability will be limited to baggage. ■ Since it does not owe the duty of inquiring as to the contents of such trunks as are so presented, it cannot be charged with the knowledge which inquiry mig’ht have elicited. Nor can the liability of the carrier be extended by the fraud and deceit of the passenger. A claim founded on his own fraud and deception would be as bad in law as it is in morals.
But it does not appear from these records that any of these views were denied by the common pleas court of Franklin county, or by either of the circuit courts. It cannot be said that one is deceived or defrauded with respect to facts which are made known to him in anyway. In two of these cases the jury were instructed, that to charge the carrier with liability for the merchandise as baggage, it was necessary to show that its agents knew the character of the contents of the trunks when .they received and checked them. In the other 'case, the evidence tended to show that the agent had such knowledge.
The instruction given placed upon the plaintiff the burden of proving such knowledge. The instruction was not that the carrier would be liable if its agents might have known that the trunks contained merchandise, or if they had reason to know'; for that would have defined a rule too uncertain of application. The charge required that *57 the evidence, circumstantial and. direct, must affirmatively show that the carrier’s-agents knew that merchandise was received to be carried as baggage.
That such knowledge fixes upon the carrier the same liability for merchandise accepted to be carried as baggage as though it were baggage, is generally, though not universally, held. The general rule upon the subject of waiver as affecting the liability of the carriers, was stated by Mr. Justice Field in Railroad v. Swift, 12 Wall., 262, as follows: “If at any time reasonable ground existed for refusing to receive and carry passengers for transportation, and their baggage and other property, the company was bound to insist upon such ground if desirous of avoiding responsibility. If not thus insisting, it received the passengers and their .baggage and other property, its liability was the same as though no ground for refusal had ever existed.”
In Wood on Railroads, vol. 3, p. 1806, it is said:
“While a carrier is not obliged to accept anything but ordinary baggage as baggage, yet, if without extra compensation, and knowing that it is not personal baggage, he permits it to be treated and carried as such, he is liable for its loss.” The same doctrine was declared and applied in Jacobs v. Tutt et al., 33 Fed. Rep., 412, and in numerous cases cited in the briefs. Nothing opposed to this view is held in Humphrey's v. Perry, 148 U. S., 627, relied on by counsel for the company; for not only does the court by distinguishing Jacobs v. Tutt et al., recognize that case as correctly decided, but in the opinion it is stated as a reason for the conclusion, that the carrier was not liable for the value of merchandise received to be carried as *58 baggage that the witness “testified to no fact from which the inference could, be drawn that the agent had actual knowledge that the trunk contained a stock of jewelry.”
Nor is the view stated in conflict with the cases in which it is held that the carrier does not become liable for merchandise received as baggage merely oecause it had frequently so received it, nor merely because of the peculiar appearance of the trunks or cases in which it was contained; for fraud cannot be practiced upon a carrier so fre.quently as to create a cause of action against it, nor is proof of a circumstance which tends toshow knowledge, or which might excite a suspicion, necessarily equivalent to proof of actual knowledge. Concerning the effect of such circumstances it was said by this .court in Johnson v. Way, 27 Ohio St., 374, as a reason for rejecting the ancient rule that there could be no recovery upon a negotiable instrument, void between the original parties if the holder had acquired it under circumstances calculated to excité suspicion:
“Circumstances which might excite the suspicion of one man might not attract the attention of another. It is a rule which business men cannot act upon in the ordinary affairs of life with any certainty that they are safe.” It was nevertheless held, that good faith required .the holder to act upon his knowledge.
It is true that in cases not distinguishable from those before us, the Supreme Court of Massachusetts has exempted the carrier from liability for the merchandise, holding.that, notwithstanding its knowledge of the character of the articles to be carried, it is liable only according to the terms of *59 its contract, and that the articles of merchandise were carried at the risk of the passenger.
. If we were inclined to adopt this view instead of that which obtains generally, we should find difficulty in distinguishing The Express Co. v. Backman, 28 Ohio St., 144, where a common carrier of freight was charged with the consequences of its knowledge that the value of the freight exceeded that which was stated in the bill of lading. It would not seem 'practicable in this respect, to distinguish between the carriage of freight and the carriage of baggage, nor between knowledge of the-value of the articles carried and knowledge of their character. In one case as clearly as in the other, considerations of public policy justify the conclusion that, if the carrier, for the purpose of obtaining patronag’e, and with actual knowledge of all the material facts, waives its right to refuse merchandise which it is requested to carry as baggage, or to make an additional charge commensurate with the increased risk, it cannot, after a loss has occurred, assert an immunity from liability because of such right. Regarding other points-raised by counsel for the company, it seems sufficient to say that they present no prejudicial error.

Judgment affirmed.